**ANTHONY H. GUERINO**
Counsellor At Law
92 Elm Road
P. O. Box 1982
Newark, New Jersey 07102
Attorney for Respondent

| | |
|---|---|
| IN RE THE APPLICATION OF MIRNA JUDITH RODRIGUEZ CARNELLI,<br><br>*Petitioner,*<br><br>v.<br><br>TANCREDO ANTONIO CANABE PAZ,<br><br>*Respondent.* | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Civil Action No: 10-3083-(SRC)<br><br>VERIFIED ANSWER TO PETITIONER'S VERIFIED COMPLAINT AND PETITION FOR THE RETURN OF THE CHILD TO THE PETITIONER<br>AND<br>RESPONDENT'S COUNTER-PETITION FOR<br>PRIMARY RESIDENTIAL CUSTODY |

## I. PREAMBLE

1. The Respondent admits the allegations of paragraph 1 of the Verified Complaint, although the Respondent does not concede that the Hague Convention applies to this matter.

2. The Respondent admits the allegations of paragraph 2 of the Verified Complaint.

## II. JURISDICTION

3. The Respondent denies the allegations of paragraph 3 of the Verified Complaint, in that the Respondent alleges that jurisdiction in this matter is in the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County.

### III. STATUS OF PETITIONER AND CHILD

4. The Respondent has insufficient information with which to form a belief as to the allegations of paragraph 4 of the Verified Complaint, and leaves the Petitioner to her proofs.

5. The Respondent admits the allegations of paragraph 5 of the Verified Complaint.

6. The Respondent admits the allegations of paragraph 6 of the Verified Complaint, in that the parties were married in Uruguay on May 3, 1988. The Respondent does not admit that there was a valid divorce in Uruguay and leaves the Petitioner to her proofs.

7. The Respondent admits that Petitioner and Respondent are the parents of Daniel Nicholas Canabe, but has insufficient information with which to form a belief as to the remainder of the allegations of paragraph 7 of the Verified Complaint, and leaves the Petitioner to her proofs.

8. The Respondent denies the allegations of paragraph 8 of the Verified Complaint.

9. The Respondent denies the allegations of paragraph 9 of the Verified Complaint.

10. The Respondent admits the allegations of paragraph 9 of the Verified Complaint.

11. The Respondent has insufficient information with which to form a belief as to the allegations of paragraph 11 of the Verified Complaint, and leaves the Petitioner to her proofs.

12. The Respondent has insufficient information with which to form a belief as to the allegations of paragraph 12 of the Verified Complaint, and leaves the Petitioner to her proofs.

13. The Respondent denies the allegations of paragraph 13 of the Verified Complaint.

14. The Respondent denies the allegations of paragraph 14 of the Verified Complaint.

15. The Respondent admits the allegations of paragraph 15 of the Verified Complaint.

16. The Respondent admits the allegations of paragraph 16 of the Verified Complaint, in that no custody proceedings have been instituted in New Jersey by the Respondent.

## IV. WRONGFUL RETENTION OF CHILD BY RESPONDENT

17. The Respondent denies the allegations of paragraph 17 of the Verified Complaint.

18. The Respondent admits that the child traveled to the United States to spend the Summer with Respondent, denies that he ever agreed to the child's relocation to Argentina, and has insufficient information with which to form a belief as to the remainder of the allegations of paragraph 18 of the Verified Complaint, and leaves the Petitioner to her proofs.

19. The Respondent denies the allegations of paragraph 19 of the Verified Complaint.

## V. RELIEF REQUESTED

**WHEREFORE**, Respondent respectfully requests that the relief requested in the Petitioner's Verified Petition be denied.

Dated: 11/11/10

Anthony H. Guerino, Esq.
Attorney for the Respondent

## VERIFICATION

I affirm that the statements made in the attached Answer are all true and accurate to the best of my knowledge. I understand that if any of my statements herein are false, I am subject to punishment under the law.

Dated: 11/11/10

*[signature]*
Tancredo Antonio Canabe

## RESPONDENT'S COUNTER-PETITION FOR PRIMARY RESIDENTIAL CUSTODY

Respondent, by way of Counter-Petition for Primary Residential Custody, says:

1. Respondent was married to the Petitioner on May 3, 1988 in Uruguay.

2. The parties emigrated from Uruguay to the United States and together established their family domicile and residence in Kearny, New Jersey in 1990.

3. The child who is the subject matter of this action, Daniel Nicholas Canabe, was born of the parties on September 20, 1996, in Belleville, New Jersey and is a United States Citizen.

4. From the time of his birth in 1996, until the parties separated in 2002, the parties lived as a family unit in Kearny, New Jersey.

5. When the parties separated in 2002, Daniel and his sister Natalie, lived with the Petitioner in Kearny, New Jersey and the Respondent lived in an apartment in Harrison, New Jersey.

6. From the time of his birth in 1996, until he was brought by the Petitioner to Uruguay in January, 2005, Daniel Nicholas Canabe resided in Kearny, New Jersey and attended

schools in Kearny, New Jersey.

7. In January, 2005, the Petitioner traveled with the child to Uruguay, the country of her birth, under the pretense that she needed to go to Uruguay to obtain a visa so that she could move to Spain.

8. The Petitioner could not obtain a visa in the United States because she was in the United States illegally.

9. Unknown to the Respondent, the Petitioner decided to file for a divorce in Uruguay while she was there during the latter part of January and February, 2005.

10. To the best of Respondent's knowledge and belief, the Petitioner obtained a visa from Uruguay to travel to Spain with Daniel Nicholas Canabe, in February, 2005.

11. To the best of Respondent's knowledge and belief, the Petitioner traveled directly from Uruguay to Spain with Daniel, as Petitioner could not return to the United States because of her immigration status.

12. To the best of Respondent's knowledge and belief, the Petitioner resided in Spain from 2005 to 2009, at which time she relocated to England.

13. To the best of Respondent's knowledge and belief, the Petitioner married Norberto D'Amico in Spain on or about September 23, 2008.

14. Daniel resided with Respondent in New Jersey during the Summers of 2005 through 2008, and in fact Petitioner sent Daniel to live with the Respondent in 2006 when she had personal problems.

15. To the best of Respondent's knowledge and belief, the Petitioner, her new husband, and Daniel moved from Spain to London, England on or about January, 2009.

16. In July, 2009, the Petitioner sent Daniel to New Jersey for his Summer visitation.

17. Although Respondent knew that the Petitioner's father-in-law in Argentina was ill at the time Daniel came to New Jersey for his 2009 summer visitation, Respondent purchased a round-trip ticket, believing that Daniel would return to England at the end of the Summer.

18. There was never any plans for Daniel to relocate to Argentina. It was clear at the time Daniel came to New Jersey in July, 2009, that Daniel did not want to relocate to Argentina and that the Petitioner would continue to reside in England.

19. When Daniel arrived in New Jersey in July, 2009, he had a letter that was written by the Petitioner in his possession. The letter explained that the Petitioner was going to relocate to Argentina to be with her new husband and his family, and that Daniel would now reside with Respondent in New Jersey.

20. Daniel was enrolled in school in Kearny, New Jersey in September, 2009, and continues to attend the Kearny public schools.

21. At no time did Respondent ever agree to permit Daniel to live in Argentina. To the contrary, the Petitioner and Respondent agreed that, in the event Petitioner moved to Argentina, Daniel would live with Respondent in New Jersey on a permanent basis.

22. Respondent denies Petitioner's allegations that he abducted Daniel and is unlawfully retaining custody of him in New Jersey.

23. There was never any agreement between the Petitioner and Respondent that Daniel would live in Argentina, and, in fact, Daniel expressed an aversion to moving to Argentina.

24. It is in the best interests of Daniel that he not be compelled to re-locate to yet another foreign country with a different culture and language, but remain with his Father, Sister,

Aunts, Uncles, Cousins and numerous friends in New Jersey, where he has lived a stable and content existence.

**WHEREFORE**, Respondent respectfully requests the following:

A. An Order granting permanent custody of Daniel Nicholas Canabe to the Respondent;

B. An Order awarding the Respondent counsel fees;

C. Whatever other relief the Court deems appropriate and just.

Dated: 11/11/10

_____
Anthony H. Guerino, Esq.
Attorney for Respondent

## VERIFICATION

I affirm that the statements made in the attached Counter-Petition are all true and accurate to the best of my knowledge. I understand that if any of my statements herein are false, I am subject to punishment under the law.

Dated: 11/11/10

_____
**Tancredo Antonio Canabe**